STANLEY S. STARING v. DE LANCY COMPANY.
L. D. RICHARDSON AND ANOTHER, INTERVENERS.[1]

April 11, 1924.

No. 23,793.

**Decision sustained by evidence.**
> Testimony, as shown by the record, examined and found to support the findings, and the findings warrant the judgment.

After the former appeal reported in 152 Minn. 78, 188 N. W. 212, Stanley S. Staring, as receiver of the United States Installment Realty Company, was substituted as plaintiff, and L. D. Richardson and H. E. Fryberger filed their complaint in intervention, praying that they be adjudged to be the owners of the verdict of $10,036, and judgment, in the original action brought by the De Lancy Company against the Realty Company. The case was tried before Waite, J., who made findings as mentioned in the sixth, seventh and eighth paragraphs of the opinion, and as conclusion of law found that plaintiff was "estopped in equity to enforce the payment of the note," that plaintiff was not entitled to the offset prayed for in the complaint, and that defendant and interveners were entitled to the dismissal of the action on the merits. From the judgment entered pursuant to the order for judgment, plaintiff appealed. Affirmed.

*Charles Burke Elliott* and *Charles D. Gould,* for appellant.

*H. E. Fryberger, Paul J. Thompson* and *Franklin Petri,* for respondents.

QUINN, J.

A statement of facts leading to the bringing of this action, and of the issues made by the pleadings, appears in the opinion rendered by this court upon a former appeal. 152 Minn. 78, 188 N. W. 212. The note sued upon was given by the defendant to plaintiff on

[1]Reported in 198 N. W. 416.

June 19, 1919, for $21,236.40, in accordance with its agreement to assume the encumbrance of $20 per acre on 1,061.82 acres of land involved in the contract of June 19, 1916.

In July, 1919, the defendant herein brought an action against the plaintiff herein to recover damages for fraudulently misrepresenting the character and value of the Texas lands, securities and obligations given by plaintiff as part of the consideration for the apartment buildings involved in the transactions referred to. The trial of that cause was completed on June 3, 1921, and resulted in a verdict of $10,036 in favor of the defendant De Lancy Company. Judgment was entered for the amount of the verdict, with interest and costs. Prior to the commencement of the present action, the judgment in the fraud action was assigned to the interveners herein.

The plaintiff in the present action asks for a verdict for the full amount of the note with interest, amounting to something over $27,000, and to have the judgment in the fraud action offset against the amount of the verdict on the note, and for judgment for the balance of the verdict. In its complaint the plaintiff sets forth that defendant brought the fraud action for damages and recovered a verdict upon the theory that the contracts were entireties, and thereby affirmed the entire transaction and bound itself to perform all unperformed parts of its own obligations. Under such pleading and theory, the order of the trial court cannot be sustained. But it is contended on behalf of the respondents that, notwithstanding the allegations of the complaint, the two cases were fully litigated by mutual consent of the parties, upon the theory that the executory portions of the contracts had been rescinded by mutual consent of the parties. This contention necessitates an examination of the history of both trials insofar as it appears from the record. There was no motion for a new trial, or appeal in the fraud case, so we are without a record therein.

It appears from the record before us that, in January, 1917, long prior to the trial of the fraud case, defendant informed the plaintiff that it had no intention of carrying out any of the terms of the contracts that had not been fully performed, and to that extent it

repudiated and rescinded the same; that counsel for defendant made statements in his opening to the jury to the same effect; that testimony to that effect was received without objection upon the former trial; that upon the trial counsel for plaintiff asked to have certain testimony stricken upon the ground that the contracts were executory and defendant had repudiated them; that, on the trial of the fraud case, counsel elicited from a witness, upon cross-examination, that defendant had repudiated the executory portion of the contracts after discovering the alleged fraud; that no request was made to strike out such testimony; that counsel for defendant stated to the jury, upon the former trial, that the executory part of the contracts had been repudiated and rescinded; that the intervener, Mr. Fryberger, testified that upon the former trial, counsel for plaintiff acquiesced in the litigation of the question of rescindment; that at the former trial, counsel for plaintiff therein asked the court to instruct as to its claim that it had rescinded the contracts, which instructions were given.

At the former trial the court charged the jury in effect that, if there was no fraud, the De Lancy Company could not recover, but if there was fraud, then it had the right to repudiate the executory parts of the contract just as it did. The court also instructed in the former case that the De Lancy Company was limited to $52,000 damages with interest, on the first cause of action, and to $19,000 with interest, on the second cause of action, on the theory that it could not claim damages as to the portions of the transactions it had repudiated.

In the case now before this court, the trial court found that, in part performance of the terms of the second Texas land contract, the De Lancy Company executed to the Realty Company its promissory note for $21,236.40, payable in 5 years, with interest, no part of which has been paid; that no part of the Texas land contracts has ever been performed by the De Lancy Company, excepting the giving of said note; that it has never had possession of said land; that the Realty Company has paid the taxes thereon, leased portions thereof and retained the proceeds.

It further found that, upon and throughout the trial of the former action, the De Lancy Company maintained the position that it had rescinded the Texas land contracts and had refused to perform any part thereof subsequent to the discovery of the alleged fraud and has not since claimed any interest in said contracts or the lands therein described; that throughout said trial, the Realty Company took the position that the De Lancy Company had not rescinded said contracts and was still the holder and owner thereof, and asked in its complaint for damages upon the theory that the contracts sued upon were entireties and that the De Lancy Company had affirmed them and imposed upon itself the duty of performance; that the court, in the trial of the former action, instructed the jury in effect that the maximum amount of damages recoverable by the De Lancy Company was to be reckoned on the basis of the difference between the market value of the property which the De Lancy Company had conveyed to the Realty Company and the market value of the property other than said Texas land contracts, which had been received by the De Lancy Company from the Realty Company in carrying out the executory portions of the two contracts of exchange.

The court further found that no exception was taken to said charge by the Realty Company, nor did it call the court's attention to any possible inadvertence therein nor was it ever questioned by motion or appeal in any manner. While the testimony as shown by the record becomes considerably involved at times and difficult to decipher, on the whole it supports the findings which warrant the judgment.

Affirmed.